﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 191217-50303
DATE: September 30, 2020

REMANDED

Entitlement to service connection for intermuscular hemangioma of left ankle, recurrent, postoperative is remanded.

Entitlement to service connection for residuals of left ankle injury is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from December 1979 to June 1980. 

This matter comes before the Board of Veterans’ Appeals (Board) from an October 2019 statement of the case (SOC). 

In December 2019, the Veteran filed a form 10182 notice of disagreement in which he opted into the Appeals Modernization Act (AMA) and requested direct review. As this is a Direct Review appeal under the AMA, the record closed on the date of notice (October 23, 2019) of the October 2019 SOC. 

In the October 2019 SOC, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claims for service connection. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c).

1. Entitlement to service connection for intermuscular hemangioma of left ankle, recurrent, postoperative is remanded. 

2. Entitlement to service connection for residuals of left ankle injury is remanded. 

The Veteran underwent surgery during service for his left ankle soft tissue mass. He currently has residual conditions from his left ankle surgeries. The Veteran’s entrance examination did not indicate a diagnosis of any ankle disorders or abnormalities. However, December 1979 service treatment records show the Veteran was seen for swelling and pain in his left ankle. The Veteran said it had been present for 2 years. The Medical Evaluation Board determined this condition pre-existed service. 

The Veteran contends his current ankle conditions were caused by an in-service injury before his surgery, and that his left ankle soft tissue mass did not pre-exist service. 

In a February 2017 letter, Dr. J.L. noted that it was his opinion that more likely than not the Veteran’s left ankle soft tissue mass did not exist prior to service but rather was caused by the in-service incident of the Veteran’s imperfect jump from a tank during his early Army training days. Dr. J.L. maintained that he based his opinion on his review of the Veteran’s in-service medical records, and his medical knowledge of neurological conditions as well as his medical experience in treating patients like the Veteran who suffer from serious, chronic neurological conditions such as that affecting his left ankle. Dr. J.L., however, does not account for the fact that the two-year history cited by the service examiners was based on the Veteran’s in-service reports. Also, in regard to Dr. J.L.’s position that had the mass been present on the Veteran’s left ankle when he entered service in December 1979, his boots would have immediately irritated the mass, the Veteran’s service treatment records do show he complained of symptoms and an examination revealed soft tissue swelling on the left ankle on December 17, 1979. The Veteran entered service on December 4, 1979. Thus, Dr. J.L.’s opinion is insufficient to substantiate the Veteran’s claim. 

The Veteran was afforded a VA examination in August 2017. The examiner opined that it was not at least as likely as not that the Veteran’s ankle conditions were related to service. He determined the Veteran’s condition pre-existed service and that there was no aggravation. The examiner also addressed whether the Veteran’s claimed in-service injury was the cause of the Veteran’s condition. The examiner concluded that the Veteran's left ankle condition more likely as not was pre-existing and there was no evidence that it was caused or aggravated by military service. The Board, however, notes again that no left ankle condition was noted upon the Veteran’s entrance examination. Thus, 38 U.S.C. § 1111 is for application. Consequently, the August 2017 VA opinion is inadequate to inform VA as to whether the Veteran clearly and unmistakably entered service with a pre-existing left ankle condition, and if so, whether such left ankle condition clearly and unmistakably was not aggravated by service. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion to the August 2017 VA examination for the Veteran’s left ankle condition. 

The entire file should be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s service treatment records, post-service medical records, and assertions. 

The examiner should offer comments and an opinion as to whether the Veteran clearly and unmistakably entered service with intermuscular hemangioma of the left ankle, and if yes, whether any such pre-existing intermuscular hemangioma of the left ankle clearly and unmistakably WAS NOT aggravated during the Veteran’s service.

The examiner should also offer comments and an opinion as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that any current left ankle disability is etiologically related to the in-service intermuscular hemangioma of the left ankle.

The examiner is requested to provide a clear rationale and explain in detail the underlying reasoning for any opinions expressed. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation. 

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.